STOUT v. WEEDIN.

(District Court, D. Washington, N. D. July 24, 1899.)

SEAMEN—LIABILITY OF OFFICER FOR ASSAULT—RIGHT TO ENFORCE OBEDIENCE.
  Prompt obedience by the crew of a ship to the commands of the officer on deck is essential to the safety of the vessel, and may be enforced by the officer, even by blows, when necessary; and a court will not hold him liable in damages therefor where he uses no weapons, and there is no evidence of malice, or, excessive punishment.

Libel in admiralty by a seaman against the captain of the vessel to recover damages for assault and battery.

M. M. Madigan, for libelant.

E. C. Hughes, for respondent.

HANFORD, District Judge. This is a suit in personam against the captain of the ship Marion Chilcott to recover damages for an assault and battery alleged to have been committed upon the libelant by the captain while at sea. In the testimony the defendant admitted the assault, but the evidence is conflicting as to the degree of violence and the extent of the libelant's injury. The captain denies that he struck any blows, or did anything more than seize the libelant by the collar, and shake him, and give him a hard shove. The libelant testifies that the captain struck him on the head several times with his clinched fist, and slapped him with his open hand, and

in this he is corroborated by several of his shipmates, some of whom appear to be candid and fair. According to all the testimony, the captain did not use for punishing the libelant any kind of a weapon or instrument other than his own hands. The evidence is all one way as to the provocation and circumstances under which the assault was made, and it is to the effect that the captain was on deck, personally ordering the maneuvering of the vessel. He ordered the men on deck to square the cross-jack yard, and, the order having been executed, the men were next required to haul in the mizzen lower topsail brace, and when the captain gave the order to "belay" they were engaged in some kind of a quarrel among themselves, and this order was not heeded. After being repeated, and still disregarded, the captain went from his position on the poop deck to where the men were, to enforce obedience. The first man he came in reach of was the libelant. In what the captain did there was no malice, nor any purpose other than to enforce prompt obedience, which was necessary for the successful and safe navigation of the ship. The libelant claims that he has been permanently injured by reason of the fact that the blows upon his head caused an abscess to form in his left ear, and the suppuration has caused perforation of the drum of the ear, in consequence of which he has been rendered permanently deaf in said ear; but there is no satisfactory evidence upon which I can base a finding that the blows, if any were administered by the captain, caused the abscess. The libelant himself told one of his shipmates that it came from a different cause. Viewing the occurrence from the position of a landsman, it may seem that it was unnecessary for the captain to lay hands upon the libelant, but it will not do for courts to pass judgment upon the conduct of an officer of a ship in matters of detail connected with her actual maneuvers at sea, except when there is clear proof of malicious conduct, or abuse of authority. Prompt obedience to the orders of the officer on deck is essential to the safety of a ship at sea, and it is the duty of an officer to compel obedience, and from necessity he is authorized to use against the crew all the force that is actually necessary to secure it, even to the extent of striking blows when sailors are heedless or obstinate; and weapons may be brought into use when they are mutinous. In this case, as no weapons were used, and there is no proof of malice or excessive punishment, I do not consider that it will be proper to award the libelant any damages. Suit dismissed.